# EXHIBIT A



**Service of Process Transmittal**
04/19/2019
CT Log Number 535328673

TO: Donna Gaudet, Incoming Legal Supervisor
Cigna Holding Company
900 Cottage Grove Rd, C38
Bloomfield, CT 06002-2920

RE: **Process Served in Kentucky**

FOR: CIGNA HealthCare, Inc.  (Domestic State: VT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | JERRY W. OLIVER, PLTF. vs. LIFE INSURANCE COMPANY OF NORTH AMERICA, ET AL., DFTS. // TO: CIGNA HEALTHCARE, INC. |
| DOCUMENT(S) SERVED: | Summons, Complaint |
| COURT/AGENCY: | Wolfe County Circuit Court, KY<br>Case # 19CI00054 |
| NATURE OF ACTION: | Medical Injury - Improper Care and Treatment |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Frankfort, KY |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 04/19/2019 postmarked on 04/15/2019 |
| JURISDICTION SERVED : | Kentucky |
| APPEARANCE OR ANSWER DUE: | Within 20 days following the day this paper is delivered to you |
| ATTORNEY(S) / SENDER(S): | L. Dustin Riddle<br>P.O. BOX 760<br>SALYERSVILLE, KY 41465<br>606-349-6210 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 04/19/2019, Expected Purge Date: 04/24/2019<br><br>Image SOP<br><br>Email Notification,  Incoming Legal  LegalandPublicAffairs-IncomingLegal@cigna.com |
| SIGNED:<br>ADDRESS:<br><br><br>TELEPHONE: | C T Corporation System<br>306 W. Main Street<br>Suite 512<br>Frankfort, KY 40601<br>609-538-1818 |

Page 1 of  1 / AS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



DEBBIE H. SPARKS
WOLFE COUNTY CIRCUIT COURT CLERK
WOLFE CIRCUIT & DISTRICT COURT
WOLFE COUNTY JUDICIAL CENTER
133 MAIN STREET, P.O. BOX 296
CAMPTON, KENTUCKY 41301-0296

7015 0640 0005 1632 9346

02 1P  $ 006.95⁰
0001985729  APR 15 2019
MAILED FROM ZIP CODE 41301

CI—19-CI-00054
639259

RETURN RECEIPT REQUESTED

CIGNA HEALTHCARE, INC
A/K/A CIGNA HEALTH MANAGEMENT, INC
C/o CT Corporation System
306 W. Main St, Ste 512
Frankfort, Ky 40601

4060131840 C003

| | | |
|---|---|---|
| AOC-E-105  Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **19-CI-00054**<br>Court:   **CIRCUIT**<br>County: **WOLFE** |

*Plantiff,* OLIVER, JERRY W VS. LIFE INSURANCE COMPANY OF, ET AL, *Defendant*

**TO: CT CORPORATION SYSTEM DUSTIN**
**306 WEST MAIN STREET SUITE 512**
**FRANKFORT, KY 40601**

Memo: Related party is CIGNA HEALTHCARE, INC

The Commonwealth of Kentucky to Defendant:
**CIGNA HEALTHCARE, INC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Debbie H. Sparks, Wolfe
Circuit Clerk
Date: 4/12/2019

Package:000002 of 000011
Presiding Judge: HON. FRANK A. FLETCHER (639259)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 _____

Served By _____

Title _____

Summons ID: 157981611483581@00000023491
CIRCUIT: 19-CI-00054 Certified Mail
OLIVER, JERRY W VS. LIFE INSURANCE COMPANY OF, ET AL



Page 1 of 1

**eFiled**

Package : 000002 of 000011

# COMMONWEALTH OF KENTUCKY
## WOLFE CIRCUIT COURT
### CIVIL ACTION NO. 19-CI-054

*Electronically filed*

**JERRY W. OLIVER**                                                                 **PLAINTIFF**

**V.**

**LIFE INSURANCE COMPANY
OF NORTH AMERICA**
Serve through
Secretary of State at:    Michael A. James
                          Two Liberty Place
                          1601 Chestnut Street
                          Philadelphia, PA 19192

and

**CIGNA HEALTHCARE, INC,
a/k/a CIGNA HEALTH MANAGEMENT, INC.**
Serve Registered
Agent at:          CT Corporation System
                   306 W. Main St.
                   Suite 512
                   Frankfort, KY 40601

and

**FEDEX FREIGHT, INC.**                                                             **DEFENDANTS**
Serve Registered
Agent at:          CT Corporation System
                   306 W. Main St.
                   Suite 512
                   Frankfort, KY 40601

## COMPLAINT

Comes the Plaintiff, Jerry W. Oliver, by and through counsel, and for his cause of action herein states as follows:

## PARTIES AND JURISDICTION

1. Defendant, Life Insurance Company of North America, is a Foreign Corporation incorporated in the State of Pennsylvania, who transacts business in the Commonwealth of Kentucky and is authorized to transact insurance business in Kentucky with the Kentucky Department of Insurance, with a process agent listed as Michael A. James, Two Liberty Place 1601 Chestnut Street, Philadelphia, PA 19192.

2. Defendant, Cigna Healthcare, Inc., a/k/a Cigna Health Management, Inc., is a Foreign Corporation, with a principal office at 1601 Chestnut Street, Two Liberty Place, Philadelphia, Pennsylvania 19192, who transacts business in the Commonwealth of Kentucky and is authorized to transact business in the Commonwealth of Kentucky and registered with the Kentucky Secretary of State, with a registered agent for service of process in Kentucky listed as CT Corporation, 306 W. Main St., Suite 512, Frankfort, Kentucky 40601.

3. Defendant, FedEx Freight, Inc., is a Foreign Corporation incorporated in the State of Arkansas with a principal office located at 1715 Aaron Brenner Drive, Suite 600, Memphis, Tennessee 38120, who transacts business in the Commonwealth of Kentucky and is authorized to transact business in the Commonwealth of Kentucky and registered with the Kentucky Secretary of State, with a registered agent for

2

service of process in Kentucky listed as CT Corporation, 306 W. Main St., Suite 512, Frankfort, Kentucky 40601.

4. Life Insurance Company of North America and/or Cigna Healthcare, Inc. provided disability benefits under an Employee Retirement Income Security Act of 1974 ("ERISA") plan issued to FedEx Freight, Inc., underwritten by Life Insurance Company of North America, known as Policy No.: FLK 980042, that was a Group Insurance Plan that included disability insurance benefits, that was issued for the benefit of the employees of FedEx Freight, Inc. who were beneficiaries of this Policy.

5. At all relevant times, FedEx Freight, Inc. owned and operated multiple locations within the Commonwealth of Kentucky and employed multiple employees in the Commonwealth of Kentucky who were the beneficiaries of Policy No.: FLK 980042, including, Plaintiff, Jerry W. Oliver, who was employed by FedEx Freight, Inc. in Wolfe County, Kentucky.

6. Policy No.: FLK 980042 was in full effect at all relevant times set forth herein.

7. To the best of Plaintiff's knowledge and belief, Cigna Healthcare, Inc. and/or its subsidiaries and affiliates, at all relevant times was the third-party claims administrator for disability claims made under Policy No.: FLK-980042.

8. Plaintiff, Jerry W. Oliver, was a resident of Wolfe County, Kentucky, was an employee of FedEx Freight, Inc. and was a beneficiary under Policy No. FLK-980042, which was issued by Life Insurance Company of North America and/or

Cigna Healthcare, Inc. and administered by Life Insurance Company of North America and/or Cigna Healthcare, Inc. and/or both companies subsidiaries and affiliates.

9. Under 29 CFR §1132(a)(1)(B), Plaintiff, as a participant or beneficiary to the ERISA plan, is empowered to bring this civil action to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

10. Under 29 CFR. §1132(e)(1), state courts of competent jurisdiction have concurrent jurisdiction of actions under paragraphs (a)(1)(B) giving the Commonwealth of Kentucky jurisdiction over this action.

11. Under KRS 454.210(2)(a)(1), the Commonwealth of Kentucky has jurisdiction over any nonresident corporation who transacts business in this Commonwealth, giving Kentucky jurisdiction over Defendants in this action.

12. Under KRS 454.210(4), this action may be brought in the county wherein the plaintiff resides or where the cause of action arose, making Wolfe Circuit Court the proper venue for this action.

## FACTS

13. Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 12 of this Complaint as if fully set forth herein.

14. Under Policy No. FLK-980042, disability is defined as: "The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is: 1. Unable to perform the material duties of his or her Regular Job; and 2. Unable to earn 80%

or more of his or her Indexed Earnings from working in his or her Regular Job." ("Short-term disability benefits"). "After Disability Benefits have been payable for 12 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is: 1. Unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and 2. Unable to earn 60% or more of his or her Indexed Earnings." ("Long-term disability benefits").

15. Plaintiff was employed by FedEx Freight, Inc. as a truck driver up until on or about October 24, 2013 after he was diagnosed with a serious and severe medical condition that required surgery and extensive and prolonged medical treatment, which prevented him from performing the material duties of his occupation or any other occupation.

16. During the treatment of his medical condition, Plaintiff suffered from multiple complications that further limited his ability to perform the material duties of his occupation or any other occupation.

17. The treatment for Plaintiff's medical condition resulted in chronic and permanent medical problems that continue to this day that prevent him from performing the material duties of his occupation or any other occupation.

18. Plaintiff applied for disability benefits under Policy No. FLK-980042, due to these serious and severe medical conditions and limitations resulting therefrom that prevented him from performing the material duties of his job or any other occupation.

5

19. Upon his initial application, Plaintiff was approved for short-term disability benefits from October 24, 2013 through on or about April 23, 2014 and was then approved for long-term disability benefits from on or about April 24, 2014 until on or about February 8, 2017.

20. Based upon these same medical conditions and limitations, the Plaintiff was also approved for Social Security Disability benefits on March 15, 2014, in which the Social Security Administration determined he became disabled on October 26, 2013.

21. Plaintiff continues to receive Social Security Disability benefits to this day for these same medical conditions and limitations caused thereby.

22. On or about February 10, 2017, Defendants denied Plaintiff's continued claim for long-term disability benefits under the policy, determining that based upon their review he no longer met the definition of disability because although his medical condition created some limitations that would prevent him from performing the material job duties of his occupation as a truck driver, he would still be capable of performing the occupations of an Information Clerk; and a Gate Guard.

23. At the time of the February 10, 2017 denial, Defendants based its denial on an Independent Medical Examination that was performed by Dr. Bruce Guberman, in which he indicated that the claimant had physical ability limitations based upon his medical diagnosis and treatment.

24. Although Defendants relied on Dr. Guberman's report in denying Plaintiff's claim for benefits, they failed to consider all of the limitations set forth in Dr.

Guberman's report, which were further supported by medical records from the Plaintiff's treating physicians, in making their adverse benefit decision.

25. Thereafter, Plaintiff timely filed an administrative appeal of this denial, which denial of Plaintiff's continued claim for long-term disability benefits was upheld by Defendants on or about June 29, 2017 determining that although Plaintiff's limitations from his medical conditions would prevent him from performing the material job duties of his job as a truck driver, that a Transferable Skills Analysis determined that he was still capable of performing other occupations such as a Scheduler, Maintenance; and a Route-Delivery Clerk.

26. Following the June 29, 2017 denial that was upheld by Defendants, Plaintiff, by and through counsel, filed a second level administrative appeal claiming Plaintiff's continued entitlement to disability benefits under the terms of Policy No.: FLK 980042.

27. In his second level administrative appeal, Plaintiff, by and through counsel, provided Defendants with additional documentation and medical records that indicated that the Plaintiff continued to suffer from medical conditions and medical limitations that prevented him from performing the material duties of his occupation or any other occupation entitling him to disability benefits under Policy No. FLK-980042.

28. Despite this new and substantial evidence of the Plaintiff's entitlement to disability benefits under Policy No. FLK-980042, on or about November 30, 2018, Defendants upheld their prior decision denying disability benefits.

## CLAIMS FOR RELIEF

29. Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. Plaintiff was entitled to benefits under the ERISA plan Policy No. FLK-980042 that was denied by Defendants from on or about February 9, 2017, through the present day.

31. Defendants wrongfully denied Plaintiff's claim for disability benefits and breached its contract with Plaintiff as the beneficiary to provide him with the disability benefits, he was entitled to under the terms of the Policy.

32. The decision to deny Plaintiff benefits was incorrect, arbitrary and capricious, and not supported by substantial evidence.

33. Plaintiff prays for a judicial determination to recover benefits under the Life Insurance Company of North America ERISA Policy No. FLK-980042, to enforce his rights under the terms of the plan, and to clarify his rights to future benefits under the plan.

34. Plaintiff seeks attorney fees, costs of litigation, and pre-judgment and post-judgment interest as permitted by 29 C.F.R. §1132(g).

35. Pursuant to 29 C.F.R. 2560.503-1(h), Plaintiff was entitled to a full and fair review of Defendants' denial of his claim for disability benefits; however, he was not given a full and fair review.

36. Pursuant to 29 C.F.R. 2560.503-1(l), Plaintiff is entitled to civil relief based upon the ERISA plan's failure to follow claims procedures consistent with the Act.

8

**WHEREFORE**, Plaintiff demands as follows:

1. Judgment against Defendants in an amount in excess of the minimum jurisdictional requirements of this Court for benefits under the plan;

2. Trial by jury;

3. Attorney fees, costs, pre-judgment and post-judgment interests, civil penalties; and

4. Any and all relief which this Court may deem proper.

THIS 12th DAY OF APRIL, 2019.

                                  Respectfully submitted,

                                  /s/ L. Dustin Riddle
                                  L. DUSTIN RIDDLE
                                  FLYNT LAW OFFICES, PSC
                                  P.O. BOX 760
                                  SALYERSVILLE, KY 41465
                                  (606) 349-6210 or 349-6211
                                  Fax: (606) 349-6214
                                  Email: lydia_themotivator@hotmail.com
                                  Email: Ldridd3@yahoo.com